UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA A CETRARO,<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 20-cv-00916-RS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY FEES** |

In this Social Security appeal, plaintiff Teresa A. Cetraro obtained a favorable ruling that remanded her disability claim to the Social Security Administration for a reevaluation of her Residual Functional Capacity and whether she should be found to be disabled. Cetraro now seeks an award of attorney fees in the amount of $14,693.60 and costs in the amount of $400.00, to be paid directly to her attorney, Barbara Arnold, under the Equal Access to Justice Act ("EAJA").

Fee motions in Social Security actions have become increasingly rare. The Court appreciates the efforts the Commissioner and the plaintiffs' bar generally have made in these cases to meet and confer in good faith regarding fees, as required by Civil Local Rule 54-5. In this instance, plaintiff's counsel has not made the showing required by Rule 54-5(b)(1) that such a meet and confer conference took place, or that she made appropriate efforts to ensure that it did.

The Commissioner does not challenge Cetraro's entitlement to fees, only the amount claimed. Although Cetraro's motion includes time records, neither her briefing nor the declarations offer any argument as to why the time expended was reasonable. The Commissioner,

in turn, has pointed to several instances in the billing records that she contends show the fee request includes duplicative and/or excessive time entries. The Commissioner proposes Cetraro be awarded fees in amount just under 60 percent of the claim.

Although many of the Commissioner's complaints about the time spent on various tasks have merit, the reductions she proposes do not appear to take into account that the fee motion does not seek recovery of all the time set out in the billing records. Rather, counsel appears to have exercised billing judgment to deduct nearly 30 hours out of the just under 100 hours recorded. Additionally, while the Commissioner correctly notes the general rule against raising new arguments on reply, it does not follow time expended in doing is never recoverable. While the result here did not ultimately turn on the new matter, Cetraro cannot be faulted for raising what was potentially a jurisdictional issue on a then-unsettled and evolving question.[1]

All that said, Cetraro has not established the amount claimed to be reasonable under all the circumstances, and a further 10 percent reduction will be applied. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). The Commissioner does not oppose Cetraro's cost claim. Accordingly, Cetraro's motion will be granted to the extent she is hereby awarded attorney fees in the amount of $13,224.24 and costs in the amount of $400.00. Payment shall be made directly to counsel, subject to prior evaluation under the Treasury Offset Program.

**IT IS SO ORDERED**.

Dated: January 24, 2022

_____
RICHARD SEEBORG
Chief United States District Judge

---

[1] Less defensible, however, was the choice to file response to the Commissioner's proposed sur-reply prior to any order allowing that surreply.